UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL V. LANE, | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) 1:12-cv-01091-RLY-DML |
| TERRY R. CURRY, | ) |
| Defendant. | ) |

**ENTRY ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

*Pro se* Plaintiff, Michael V. Lane, brought suit pursuant to 42 U.S.C. § 1983 against Defendant, Terry R. Curry, Marion County Prosecutor, in his individual capacity. Lane was convicted of rape, criminal deviate conduct, and three counts of kidnapping in Marion Superior Court. (Complaint ¶ 6; Filing No. 1, at ECF p. 2). On August 5, 1987, he was sentenced to a total aggregate sentence of one hundred years. (*Id.* at ¶ 7; Filing No. 1, at ECF p. 2). Lane has twice petitioned for post-conviction relief through the Indiana courts. (*Id.* at ¶¶ 9,10; Filing No. 1, at ECF p. 3). The petition filed on April 16, 2012, sought post-conviction DNA testing. (*Id.* at ¶ 10; Filing No. 1, at ECF p. 2). The state court declined the petition. (*Id.* at ¶ 11; Filing No. 1, at ECF p. 2). Lane now requests that this court order DNA testing of the evidence from his 1987 trial. Curry moves for summary judgment on the grounds that none of the evidence could be located and thus, there is nothing to test for DNA. Lane opposes the motion. For the reasons stated below, the court **GRANTS** the motion.

1

## I. Standard

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is appropriate if the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact exists if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party on the particular issue. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

On a motion for summary judgment, the burden rests with the moving party to demonstrate "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). After the moving party demonstrates the absence of a genuine issue for trial, the responsibility shifts to the non-movant to "go beyond the pleadings" and point to evidence of a genuine factual dispute precluding summary judgment. *Id.* at 322-23. "If the non-movant does not come forward with evidence that would reasonably permit the finder of fact to find in her favor on a material question, then the court must enter summary judgment against her." *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994) (citing *Matsushita Elec. Indus. Co.*, 475 U.S. at 585-87); *Celotex*, 477 U.S. at 322-24; *Anderson*, 477 U.S. at 249-52.

## II.     Discussion

Pursuant to *Skinner v. Switzer*, an action under Section 1983 against the prosecuting attorney is the proper avenue of relief when seeking DNA testing.  131 S.Ct. 1289 (2011).  Thus, Lane has brought the appropriate action for the relief he seeks.  However, there must be evidence available to be tested in order for Lane's injunction to be effective.  The court will not order Curry to do something that is in fact impossible to do.

It is undisputed that Donna L. Boyle, a court reporter in the Marion Superior Court, Criminal Division, was unable to locate any evidence that could be tested for DNA in Marion Superior Court, Criminal Division, Room No. 5 and in the NOW records, a storage facility for evidence and transcripts that were not returned to the Indianapolis Metropolitan Police Department.  (Declaration of Donna Boyle ¶ 3-5; Filing No. 18-1).  In addition, in March 2013, Shea Hayes Anderson, a forensic scientist employed by the Indianapolis-Marion County Forensic Services Agency ("Agency"), searched within the Agency to locate the evidence taken from the victim.  (Declaration of Shea Hayes Anderson ¶ 8; Filing No. 18-2).  According to the records of the Agency, the evidence was returned to the Indianapolis Police Department Property Branch on March 18, 1986. (*Id.* at ¶ 9; Filing No. 18-2).  In July of 2013, an additional search revealed no evidence in the Indianapolis Metropolitan Police Property Room or the Marion Superior Court, Criminal Division, where the trial was held.  (*Id.* at ¶ 10; Filing No. 18-2).

The court is satisfied with the attempts to locate the evidence made by Defendant and finds that the evidence in fact is unable to be tested.  Although Lane argues there is a material issue of fact, he presents no evidence to call into doubt the affidavits submitted

by those who performed the searches.  Additionally, Lane raises new allegations in his Response against Curry, such as negligence in losing the evidence that he had a duty to preserve.  (Statement of Material Facts in Dispute, [Filing No. 28](Filing No. 28)).  Lane also requests new forms of relief in his response to the motion for summary judgment.  ([Filing No. 29](Filing No. 29)).  The court notes that the proper place to bring the new claims and new requests for relief would be in a new complaint in a separate action.

### III.     Conclusion

Because there is no evidence to be tested, the court cannot grant the relief requested in the complaint.  As such, the court must **GRANT** Curry's motion for summary judgment ([Filing No. 18](Filing No. 18)).  Should the evidence someday be found, Defendant is **ORDERED** to notify Lane.  This decision shall not bar Lane from seeking DNA testing of that evidence.

**SO ORDERED** this 18th day of March 2014.

_____
RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record

Copy to:

Michael Lane
DOC # 874279
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064